THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALAPUWADUGE MENDIS,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS INC,<br><br>Defendant. | CASE NO. C15-0144 JCC<br><br>ORDER GRANTING LEAVE TO AMEND AND COMPELLING PRODUCTION OF CLASS MEMBER CONTACT INFORMATION |

This matter comes before the Court on Plaintiff's motion for leave to amend complaint (Dkt. No. 31) and the parties' joint submission regarding Plaintiff's request for class member contact information (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion for leave to amend (Dkt. No. 31) and ORDERS Defendant to comply with Plaintiff's outstanding discovery requests (Dkt. No. 33) for the reasons explained herein.

I.      BACKGROUND

Defendant is a trucking company that operates across the United States. (Dkt. No. 1-1 at 1.) Plaintiff is a driver for Defendant. (*Id.* at 3–4.). In his complaint, Plaintiff alleges that Defendant engaged in a common course of wage and hour abuses against its driver employees in Washington. (*Id.* at 2–7.) Plaintiff brings suit on behalf of himself and all those similarly

situated. (*Id.* at 4.)

## II. MOTION FOR LEAVE TO AMEND COMPLAINT

In moving for leave to amend his complaint, Plaintiff requests that the Court allow him to add Michael Feola as a named Plaintiff and modify his claim that Defendant "failed to pay minimum wage for time spent in orientation." (Dkt. No. 31 at 1, 3.)

When a party moves to amend its complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Defendant has not responded to Plaintiff's motion. (Dkt. No. 37.) Under the Local Rules, this "may be considered by the court as an admission that the motion has merit." LCR 7(b)(2).

The Court finds that it does. First, Feola's claims are similar to Plaintiff's. (Dkt. No. 32-1 at 4.) Second, Plaintiff's proposed modification of the "orientation" claim will provide helpful clarification. (*Id.* at 8.) There is also no evidence of undue delay, bad faith, or prejudice. (Dkt. No. 31 at 4–5.)

Plaintiff is therefore free to amend his complaint.

## III. REQUEST FOR CLASS MEMBER CONTACT INFORMATION

### A. Background

Plaintiff has requested that Defendant provide the contact information of all individuals who are more likely than not members of his proposed class. (Dkt. No. 33 at 5.) Plaintiff conferred with Defendant regarding this discovery request but Defendant refused to comply. (Dkt. No. 34 at 2.)

### B. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

ORDER GRANTING LEAVE TO AMEND AND
COMPELLING PRODUCTION OF CLASS
MEMBER CONTACT INFORMATION
PAGE - 2

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 2012 WL 5519199, at *3 (N.D. Cal. 2012). If the moving party demonstrates relevance, the burden then shifts and "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### C.     Analysis

"The disclosure of names, addresses, social security numbers, and telephone numbers is a common practice in the class action context." *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010) (collecting cases). The court in *Khalilpour* found that such disclosure was relevant to the plaintiff's class action claims, because it would allow him to contact putative class members "to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants." *Id.* In a more recent case, a court found that class member contact information was discoverable because it "may lead to declarations from putative class members as percipient witnesses that will help indicate that they subject [sic] to the same policy or practice as the named Plaintiff, which will help establish commonality and typicality." *McCowen v. Trimac Transp. Servs. (W.), Inc.*, No. 14-CV-02694-RS (JSC), 2015 WL 5184473, at *4 (N.D. Cal. Sept. 4, 2015). As Plaintiff points out, the facts in *McCowen* were quite similar to those here—both cases are class actions in which drivers alleged that their employers undercompensated them in a variety of ways. *Compare id.* at *1 *with* (Dkt. No. 1-1 at 2–7.)

Defendant argues that the *Khalilpour* and *McCowen* courts were cursory in their analyses of why class member contact information was relevant to their plaintiffs' class action claims. Defendant argues that those cases therefore provide minimal support for Plaintiff's arguments in

this matter. The Court disagrees. For the purposes of discovery, relevancy "is defined broadly." *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 2342128, at *3 (N.D. Cal. May 3, 2016). The *Khalilpour* and *McCowen* courts sufficiently analyzed the relevancy of class member contact information under this standard.

Much like the plaintiffs in *Khalilpour* and *McCowen*, Plaintiff argues that obtaining class member contact information will allow him to interview class members, investigate his claims, and thereby satisfy the class action requirements of Fed. R. Civ. P. 23. (Dkt. No. 33 at 10.) Rule 23 requires classes to be sufficiently numerous and involve common questions of law or fact, among other things. Fed. R. Civ. P. 23(a)(1)–(4). Plaintiff argues that through interviewing potential class members, he will be able to establish that Defendant engaged in a "common course of conduct" toward the class, that class members suffered similar injuries, and that common questions of law and fact are involved. (Dkt. No. 33 at 10.)

Defendant responds that Plaintiff has not adequately explained how class member contact information will help him meet the Rule 23 requirements. But Defendant relies on an improper standard. Defendant repeatedly asserts that Plaintiff has failed to show that the information Plaintiff requests is "necessary" or that Plaintiff truly "needs" it. (Dkt. No. 33 at 15, 18, 20.) Defendant appears to be basing this elevated standard on *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 7158212, at *4 (W.D. Wash. Nov. 13, 2015).

In *Weidenhamer*, Judge Jones of this Court found that when "evaluating requests for the identifying information of putative class members, the Court must balance the privacy rights of those non-party putative class members and the requesting party's *need* for that information." *Id.* (emphasis added). But that finding appears to be entirely based on a line of California cases holding that when parties request private information, they must demonstrate a "compelling need" to comply with the California State Constitution's right to privacy. *See Wiegele v. Fedex Ground Package Sys.*, No. 06-CV-01330JMPOR, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (citing *Lantz v. Superior Court*, 28 Cal.App.4th 1839, 1853-54 (1994)). Plaintiff's claims

ORDER GRANTING LEAVE TO AMEND AND
COMPELLING PRODUCTION OF CLASS
MEMBER CONTACT INFORMATION
PAGE - 4

do not involve California law, so the Court declines to adopt an elevated standard for the discovery requests at issue here. As the Court has explained, the proper standard is whether Plaintiff seeks information "relevant" to his claims—and relevancy is "defined broadly." Because class member contact information may enable Plaintiff to satisfy the requirements of Rule 23, it is relevant to his claims.[1]

Defendant's final argument is that Plaintiff's discovery requests are objectionable because Plaintiff's attorneys may use the class member contact information to solicit new clients. Defendant offers no more than bare assertions and non-binding caselaw for this argument, and therefore fails to persuade.

Consequently, the Court orders Defendant to comply with Plaintiff's outstanding discovery requests.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend (Dkt. No. 31) is GRANTED. Defendant is also ORDERED to comply with Plaintiff's outstanding discovery requests (Dkt. No. 33).

Because the Court has granted Plaintiff's motion to compel, it is required to order Defendant to pay Plaintiff's reasonable expenses in bringing this motion, unless Defendant's nondisclosure was substantially justified or other circumstances would make an award of

---

[1] In addition, the Court notes that Plaintiff's reasons for seeking class member contact information are similar to those approved of in *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011), the case *Weidenhamer* relied on in finding an elevated standard for these requests. 2015 WL 7158212, at *4. In *Artis*, the court held that the plaintiff's need for potential class members' contact information outweighed these individuals' privacy concerns. 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action."). In contrast, Defendant has failed to identify any serious privacy concerns at stake here. Therefore, even under the elevated standard that Defendant proposes, Plaintiff would likely satisfy its burden and Defendant would not.

expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Before doing so, however, the Court must give Defendant an opportunity to be heard. *Id.*

Defendant is therefore ORDERED TO SHOW CAUSE why it should not have to pay Plaintiff's reasonable expenses. Defendant's response is due on or before May 25, 2016 and should be no longer than three (3) pages. *See* LCR 7(e) ("Captions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit.").

DATED this 11th day of May 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE