THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALAPUWADUGE MENDIS, *et al.*, | CASE NO. C15-0144-JCC |
| Plaintiffs, | ORDER |
| v. | |
| SCHNEIDER NATIONAL CARRIERS, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant Schneider's partial motion to dismiss (Dkt. No. 115). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  BACKGROUND

This is a class action brought on behalf of truck drivers employed by Schneider. The facts of this case have been discussed in previous motions and orders of the Court and will not be repeated here. Of importance for this motion, however, are the parties' previous pleadings and motions, and this Court's summary judgment order.

In every iteration of Plaintiffs' complaint, they have made an unlawful deduction claim which stated:

> Defendant made deductions from Plaintiff(s) and the Class wages, including but not limited to, for per diem expenses. This was disadvantageous to Plaintiff(s) and the Class. The employer benefited from the deduction. Further, Plaintiff(s) and the Class' wages were reduced below the agreed upon rate.

(Dkt. No. 1-1 at 10, ¶ 43; Dkt. No. 39 at 9, ¶ 43; Dkt. No. 93 at 9, ¶ 43; Dkt. No. 114 at 9, ¶ 41.)

As factual support for this claim, Plaintiffs alleged that

> Defendant has made unlawful deductions from the wages of Plaintiff(s) and the Class and failed clearly [sic] indicate deductions being made on each employee's wage statements. Such deductions were not expressly authorized in writing and in advance for a lawful purpose for the benefit of the employee. Moreover, Defendant, or a person acting in the interest of Defendant, derived a financial benefit from the deductions.

(Dkt. No. 1-1 at 7, ¶ 21; Dkt. No. 39 at 6, ¶ 22; Dkt. No. 93 at 6, ¶ 23; Dkt. No. 114 at 6, ¶ 22.)

Defendant moved for summary judgment on all of Plaintiffs' claims, including the per diem deduction claim. (Dkt. No. 43 at 4, 19.) In its introduction, Defendant stated that all of Plaintiffs' claims failed for several reasons. (*Id.* at 4.) Among those was that "Plaintiffs consented to deduction from their pay for cash withdrawals from their fuel cards."[1] (*Id.*) However, Defendant did not go on to address this argument in its brief. (*See generally id.*) In the Court's order granting in part and denying in part summary judgment, it noted that "[t]he Court finds the inclusion of a fuel card claim curious, as it was neither found in Plaintiffs' complaint nor discussed in Schneider's motion. Accordingly, the Court does not address it." (Dkt. No. 92 at 4 n.1.) As part of the order, the Court granted Plaintiffs leave to amend their complaint to add two named plaintiffs, but not to add any additional claims. (*Id.* at 3.) Plaintiffs did not file a motion for clarification or reconsideration following that order.

Plaintiffs later filed a motion for class certification, in which they alleged that Defendant unlawfully deducts fees from the wages of employees who receive pay on a

---

[1] "Payroll card" and "fuel card" are used interchangeably by the parties.

ORDER
PAGE - 2

payroll card and who purchase safety equipment required for employment. (Dkt. No. 51 at 17–18.) And it was not until Plaintiffs' reply in support of its motion for class certification that it specifically labeled them as a "payroll card deduction claim" and "safety deduction equipment claim." (Dkt. No. 111 at 14.) Given the uncertain status of the payroll card and safety equipment claims, Defendant filed the present motion to dismiss, arguing that Plaintiffs never asserted either claim in any previous complaint and if they did, they failed to state a claim. (Dkt. No. 115 at 2.)  Plaintiffs argue that (1) Defendant's motion is untimely, (2) their complaint sufficiently states a claim for payroll card and safety equipment deductions, and (3) if the Court dismisses the claims, it should grant leave to amend. (Dkt. No. 118 at 6–9.)

## II.     DISCUSSION

### A.     Rule 12(b)(6) standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

There are, however, limitations to filing certain pleadings under Federal Rule of Civil Procedure 12. Of importance here is that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

### B. Timeliness

Plaintiffs oppose Defendant's motion on the basis that it is untimely, as "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading[.]" (Dkt. No. 118 at 6–7) (quoting 5C Fed. Prac. & Proc. Civ. § 1388 (3d ed. Revised 2015)); *see also* Fed. R. Civ. P. 12(g)(2). The key here is availability. Nowhere in any of Plaintiffs' complaints can the Court find a reference to payroll card or safety equipment deductions. In fact, it was for this reason that the Court found the reference to a fuel card claim curious in Defendant's motion for summary judgment. (Dkt. No. 92 at 4.) Plaintiffs alleged deduction from their wages, "including, but not limited to, for per diem expenses." (Dkt. No. 114 at 9, ¶ 43.) Adding the phrase "including but not limited to" to Plaintiffs' per diem claim does not give notice to Defendant that Plaintiffs were alleging payroll card and safety equipment claims, especially in the absence of any supporting factual allegations. (*See id*.) The Court does not find that the payroll card and safety equipment deduction claims were sufficiently pleaded such that failure to state a claim was an available defense at an earlier time. A party cannot move to dismiss a claim of which it has no notice. Defendant's motion is therefore timely.

### C. Sufficiency of the pleading

Plaintiffs next argue that even if the motion is timely, they have sufficiently stated claims for the payroll card and safety equipment deductions and "clearly met notice pleading requirements." (Dkt. No. 118 at 8–9.) However, "*Iqbal* and *Twombly* moved us away from a system of pure notice pleading. In addition to providing fair notice, the complaint's allegations

must now suggest that the claim has at least a plausible chance of success." *Petzschke v. Century Aluminum Co.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (internal citations omitted). Given that there are no references to, or factual allegations of, the payroll/fuel card or safety equipment deductions, Plaintiffs have not adequately pleaded those claims. The fact that the fuel card and safety equipment deductions may have been discussed by the parties in discovery, (Dkt. No. 118 at 9; Dkt. No. 119-9 at 2), does not cure Plaintiffs' deficient pleading.

**D.     Leave to amend**

Finally, Plaintiffs request leave to amend the complaint. Plaintiffs wish to amend their unlawful deduction claim to add "payroll cards, and safety equipment." (Dkt. No. 118-1 at 9.) First, this Court has already denied Plaintiffs leave to add additional claims. (Dkt. No. 92 at 3.) Second, even if this Court were to grant Plaintiffs leave to add the proposed language, it would be little more than conclusory statements with no factual support, falling short of the pleading standards set forth in Federal Rule of Civil Procedure 8(a). Plaintiffs are not granted leave to amend.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's partial motion to dismiss (Dkt. No. 115) is GRANTED. Plaintiffs' payroll card and safety equipment deduction claims are DISMISSED WITH PREJUDICE.

DATED this 7th day of March, 2017.

[signature]

John C. Coughenour
UNITED STATES DISTRICT JUDGE