THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALAPUWADUGE MENDIS, *et al.*, | CASE NO. C15-0144-JCC |
| Plaintiffs, | ORDER |
| and | |
| THE STATE OF WASHINGTON, | |
| Plaintiff-Intervenor, | |
| v. | |
| SCHNEIDER NATIONAL CARRIERS, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion for partial summary judgment (Dkt. No. 144). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiffs' motion for the reasons explained herein.

I. **BACKGROUND**

Defendant is a truckload transportation company servicing customers throughout the United States and Canada. (Dkt. No. 144 at 9.) Plaintiffs are Defendant's current and former Washington-based truck drivers. (*Id.*) Plaintiffs allege that Defendant's piece-rate pay practices violate a variety of Washington's compensation laws. (*See generally* Dkt. No. 114.) The Court

has previously certified the following Class in this matter: "All current and former employees of [Defendant] who, at any time from December 30, 2011 through the date of the final disposition, worked as drivers for the company while residing in the state of Washington." (Dkt. No. 117 at 13.)

Plaintiffs move for partial summary judgment, seeking rulings on the following: (1) the adequacy of Defendant's record of hours worked by Class members, (2) the willfulness of any failure by Defendant to pay Class members for rest breaks, and (3) the permissible method for Defendant to substantiate that it adequately compensated Class members for overtime. (Dkt. No. 144 at 7–9.)

## II. DISCUSSION

### A. Legal Standard

The Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient." *City of Pomona v. SQM N.A. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014).

//

**B.    Record of Hours Worked**

When an employee brings a wage-based claim and the employer fails to comply with a legally-mandated recordkeeping requirement, the employee's burden of proof is relaxed. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946).[1] With this relaxed burden, the employee need only provide "sufficient evidence to show the amount and extent of [the employee's allegedly unpaid work] as a matter of just and reasonable inference." *Id.* at 687. Plaintiffs point out that Washington requires employers to keep a record of the hours worked for each workday and argues Defendant has failed to do so. (*See* Dkt. No. 144 at 9–10) (citing Wash. Rev. Code § 49.46.040(3); WAC 296-126-050(1), 269-128-010(6)). However, Defendant's Federal Department of Transportation ("DOT") logs clearly satisfy Washington's requirements. (Dkt. No. 155 at 15–18); (*see* Dkt. No. 157 at 2.)

In the alternative, Plaintiffs allege that Defendant did not provide the logs, in their entirety, when requested through discovery. (Dkt. No. 163 at 2.) As a result, Plaintiffs argue, the Court should impose the *Mt. Clemens* burden shifting regime as a discovery sanction. (Dkt. No. 162 at 9). *See* Fed. R. Civ. P. 37(c). The Court declines to do so. First, it would be a fruitless exercise. Defendant can rebut Plaintiffs' relaxed *Mt. Clemens* burden, as is required, with the DOT logs. *See* 328 U.S. at 687 (allowing for rebuttal with evidence of "the precise amount of work performed"); (*see also* Dkt. No. 157 at 2) (declaration describing the nature of the logs); (*see* Dkt. Nos. 158-13, 158-14, 158-15) (examples of logs provided to Plaintiffs through discovery). Second, Plaintiffs never moved to compel production of the logs in their entirety. Third, Plaintiffs do not provide a valid basis for imposing sanctions. (*See generally* Dkt. No. 162 at 7–9.) Fourth, Plaintiffs raised this issue for the first time in their reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (the Court need not consider a new argument raised in a reply brief).

---

[1] Unless the employee has available to him or her convincing substitute information regarding the inadequacy of compensation. *Id.*

Accordingly, Plaintiffs' motion for summary judgment on this issue is DENIED.

**C.      Rest Break Pay**

Plaintiffs next ask the Court to find that, as a matter of law, Defendant willfully failed to compensate its drivers for rest break periods and this failure violates Washington law. (Dkt. No. 144 at 17–20.) If Defendant's failure to adequately pay for rest breaks was willful, double damages apply. Wash. Rev. Code § 49.52.050, .070; *see Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 374 (Wash. 1998). As a threshold matter, this Court has previously determined that Defendant's compensation scheme fails to pay Class members for rest breaks, and this practice violates Washington law. (*See* Dkt. No. 92 at 7–8.) The Court will not reconsider that legal determination here. At issue, then, is whether the failure was willful.

A failure to pay is "willful" if the employer "volitionally," i.e., knowingly and intentionally, fails to pay. *Schilling*, 961 P.2d at 374, 378 (Wash. 1998). A failure to pay is not knowing or intentional if the employer has a "genuine belief that he is not obligated to pay." *Ebling v. Gove's Cove, Inc.*, 663 P.2d 132, 135 (Wash. App. 1983). Nor is a failure to pay knowing or intentional if it is the "result of a bona fide dispute," i.e., it is "fairly debatable . . . whether all or a portion of the wages must be paid." *Schilling*, 961 P.2d 371, 374 (Wash. 1998); *Lillig v. Becton-Dickinson*, 717 P.2d 1371, 1375 (Wash. 1986). Whether a failure to pay is willful, i.e., knowing or intentional and not the result of a bona fide dispute, is a factual issue. *Wingert v. Yellow Freight Sys., Inc.*, 50 P.3d 256, 260 (Wash. 2002). The evidence Plaintiffs present on this issue is thin. They rely on testimony from Defendant's Rule 30(b)(6) deponent and Rule 36 admissions that Defendant does not separately pay for rest breaks, over and above the amount provided through piece-rate wages. (Dkt. No. 144 at 20.) But these statements alone do not show an intent to deprive drivers of compensated rest breaks. This is particularly true when considering that before July 16, 2015, the date *Sakuma* was decided by the Washington State Supreme court, the question of whether Defendant was required to provide a separate payment for rest breaks outside of piece-rate compensation was fairly debatable. *See Demetrio v.*

*Sakuma Bros. Farms, Inc.*, 355 P.3d 258, 258 (Wash. 2015); (*see* Dkt. Nos. 144 at 20).Viewing the evidence in the light most favorable to Defendant, the Court cannot hold, as a matter of law, that Defendant's failure to pay for rest breaks was willful. Accordingly, Plaintiffs' motion for summary judgment on this issue is DENIED.

### D. Permissible Method to Establish Amount of Adequate Overtime

Finally, Plaintiffs ask for rulings on the method Defendant must use to establish that it adequately compensated its drivers for the amount of overtime worked. (Dkt. No. 144 at 20–23.) Washington law requires employers to pay their non-exempt employees one and a half times the regular rate of compensation for hours worked in excess of 40 hours per week. Wash. Rev. Code § 49.46.130. This requirement need not apply to wages paid to interstate truck drivers subject to the Federal Motor Carrier Act ("FMCA"), 49 U.S.C. § 3101, *et seq. Id*. at § 49.46.130(f). Instead, the employer may utilize a compensation scheme that is "reasonably equivalent" to the payment of overtime ("REOT"). In order to demonstrate that an employer's scheme is, in fact, REOT, the employer must show that its scheme "compensates hours worked in excess of forty hours per week at an overtime rate of pay and distributes the projected overtime pay over the average number of hours projected to be worked." WAC 296-128-012(1)(a). In other words, the scheme must be shown to pay the same rate of pay as overtime pay by spreading out the extra pay over all hours worked, rather than just over the overtime hours worked.

Plaintiffs ask the Court to hold that REOT must be substantiated, as a matter of law, using the local hourly rates for comparable truck drivers, as determined by the Bureau of Labor Statistic's Occupational Employment Statistics ("BLS-OES"). (Dkt. No. 144 at 21–22.) Plaintiffs provide no evidence or case law to support this request. (*See generally* Dkt. No. 21–22.) Instead, they rely on the Court's prior ruling on Defendant's summary judgment motion prior to Class certification. (Dkt. No. 162 at 15.) When Defendant argued for summary judgment, it utilized the BLS-OES rate to substantiate its assertion that the amount it paid to the two named Plaintiffs was REOT. (Dkt. No. 48-4 at 2.) The Court accepted this rate for purposes of its ruling on

Defendant's motion. (Dkt. No. 92 at 14–16.) But a ruling on a summary judgment motion raising factual issues has no precedential or persuasive effect. *See Big Baboon, Inc. v. Dell, Inc.*, No. C09-1198-SVW, slip op. at 2 (C.D. Cal. Feb. 8, 2011). Evidentiary burdens change, as does evidence available to the parties. In the Court's prior ruling, it viewed the available evidence in the light most favorable to Plaintiffs. (*See* Dkt. No. 92 at 14–15.) Here, the Court must view the currently-available evidence in the light most favorable to Defendant, who now points out numerous flaws in the BLS-OES rate on a Class-wide basis. (*See* Dkt. No. 155 at 26) (BLS-OES rate does not account for a driver's experience and is based on an assumed 40-hour workweek). Further, there was no discovery on this issue prior to the Court's last ruling. (*Id.* at 25.) As Plaintiffs implicitly concede, the local hourly rate for comparable drivers is an issue of fact, not law. (*See* Dkt. No. 144 at 21.) Given the lack of evidence they put forth, the Court cannot say that, as a matter of law, the BLS-OES rate must be used. Therefore, resolution of this issue must wait for trial.

Plaintiffs also ask the Court to find that, as a matter of law, Defendant's REOT must be determined on a weekly basis. (Dkt. No. 144 at 22–23.) REOT is an exception to the Minimum Wage Act, chapter 49.46 of the Revised Code of Washington. *See* Wash. Rev. Code § 49.46.130(f). The Act requires employers to pay their employees one and a half times the regular rate for hours worked over 40 hours per week. *Id*. Any exception to this requirement is to be "narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation. An employer bears the burden of establishing its exempt status." *Stahl v. Delicor of Puget Sound, Inc.*, 64 P.3d 10, 12 (Wash. 2003). Therefore, absent support by Defendant to the contrary, the Court must conclude that REOT is to be determined on a weekly basis, rather than over a longer time period. Defendant makes a number of arguments for a longer time period. None are persuasive.

First, Defendant's reliance on WAC 296-128-012(1)(b) is misplaced. (*See* Dkt. No. 155 at 28.) The period "of at least twenty-six consecutive weeks" referenced in the regulation is not

the period for which *overtime compliance* is to be determined. *See* Wash. DLI Admin. Policy ES.A.8.3 at 5–6 (currently under revision). Rather, it is the period for which *data must be provided* by the employer to the Washington Department of Labor and Industries ("DLI") so that DLI can confirm the accuracy of the base hourly rate calculated by the employer. *Id*. The purpose of the provision is to ensure that DLI has a sufficient population of data to defeat any attempt by an employer, through cherry-picking data, to establish an artificial base rate to measure REOT. *Id.*

Second, Defendant's position is inconsistent with the purpose of the Minimum Wage Act, which is to ensure that employees who are not paid on an hourly basis still receive the equivalent of overtime when they work more than 40 hours in a week. *See Bostain v. Food Exp., Inc.*, 153 P.3d 846, 851 (Wash. 2007) ("whether paid under the time-and-a-half provisions of RCW 49.46.130(1) or by "reasonably equivalent" compensation, the statute mandates that truck drivers must obtain extra compensation for hours worked over 40 hours per week."). By definition, overtime is pay for work performed in excess of 40 hours per week. Wash. Rev. Code § 49.46.130. To make this determination, even for purposes of REOT, only a weekly determination period can be used. Any other measure would frustrate the purpose of the law.

Third, none of the cases Defendant references actually support its argument. *See Helde v. Knight Transp., Inc.*, 982 F. Supp. 2d 1189, 1201–02 (W.D. Wash. 2013) (the Court did not consider the issue); *Mynatt v. Gordon Trucking, Inc.*, 333 P.3d 442, 448 (Wash. App. 2014) (same); *Gen. Teamsters Loc. No. 174 ex rel. Gasca v. Safeway, Inc.*, 156 Wash. App. 100, slip op. at 4 (Wash. App. 2010) (unpublished) (the case is distinguishable: Safeway, unlike Defendant, paid its drivers overtime pay).

Accordingly, Plaintiffs' motion for summary judgment on this issue is DENIED in part and GRANTED in part. Defendant must calculate REOT on a weekly basis for Class members, but the hourly wage rate to be used to calculate REOT must be proven at trial.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment (Dkt. No. 144) is GRANTED in part and DENIED in part.

DATED this 8th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE