THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALAPUWADUGE MENDIS, *et al.*,

        Plaintiffs,

    v.

SCHNEIDER NATIONAL CARRIERS, INC.,

        Defendant.

CASE NO. C15-0144-JCC

ORDER

This matter comes before the Court on Plaintiffs' unopposed motion for preliminary approval of class settlement (Dkt. No. 185), Plaintiffs' declaration from class counsel (Dkt. No. 186), and Defendant's notice of proposed settlement (Dkt. No. 187). This litigation involves Defendant's alleged wage and hour violations. (*See generally* Dkt. No. 114.) The Court previously certified the following class: "All current and former employees of [Defendant] who, at any time from December 30, 2011 through the date of final disposition, worked as drivers for the company while residing in the state of Washington." (Dkt. No. 117 at 13.) The Court also certified the following subclasses:

  i.    Individuals who (1) meet the criteria for membership in the class, and (2) received less than 100% of what they would have been paid hourly, including overtime, using the local hourly rate.

  ii.   Individuals who (1) meet the criteria for membership in the class, and (2) were enrolled in the per diem pay plan and received $0.02 less per mile as a result.

(*Id*.)

The Parties have entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement"), which sets forth the terms and conditions of the settlement and release of claims against Defendant. Having reviewed and considered the Settlement Agreement and all of the filings, records, and other submissions, the Court finds upon a preliminary examination that the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Settlement Agreement should be finally approved pursuant to the terms and conditions set forth in the Settlement Agreement ("Final Approval Hearing").

Therefore, the Court FINDS, CONCLUDES and ORDERS as follows:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement (Dkt. No. 186-1).

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

3. The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Settlement Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Final Approval Hearing described below.

4. The Settlement Class includes all current and former employees of Schneider who, at any time from December 30, 2011 through the date of preliminary approval of the Settlement, worked as drivers for Schneider while residing in Washington. The Settlement Class will not include any persons who validly request exclusion from the Class.

5. The Court has previously appointed Plaintiffs Balapuwaduge Mendis, Michael Feola, Andrea Arbaugh, and Edward Ash as Class Representatives and finds that for settlement

purposes, the Class Representatives have and will continue to fairly and adequately protect the interests of the Settlement Class.

6. The Court has previously appointed Rekhi & Wolk, P.S. and the Terrell Marshall Law Group PLLC as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable.

8. The Court appoints CPT Group as the Settlement Administrator, who shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

9. The Court approves the proposed forms of notice and the plan for giving direct notice to the Settlement Class by U.S. Mail as set forth in Paragraphs 23–25 of the Settlement Agreement and its attached exhibit ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated under all circumstances to reasonably apprise the persons in the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

10. Pursuant to the Settlement Agreement, the Settlement Administrator shall provide individual notice via U.S. Mail to the most recent mailing address as reflected in Defendant's records no later than fifty-nine (59) calendar days after entry of this Order.

11. Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Settlement Administrator by mailing a signed, written request no later than thirty (30) calendar days after the date notice is sent to the Settlement Class.

12. Any Settlement Class Member who desires to object to the fairness of this Settlement must submit a written objection to the Settlement Administrator no later than thirty (30) calendar days from the date notice is mailed to the Settlement Class. The Settlement Administrator will submit copies of any such objection to counsel for the Parties within one court day of receiving the objection. The Parties shall submit any responses to objections within five (5) court days of receiving such copies from the Settlement Administrator.

13. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to consider the application for service awards to the Class Representatives; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for the payment for Settlement Administration fees and costs; to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and to rule on any other matters that the Court may deem appropriate.

14. The Final Approval Hearing is scheduled for November 13, 2018 at 9:00 a.m.

15. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this Settlement.

16. This Order and the Settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

17. All proceedings in this Action are stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement the Settlement and this Order.

18. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are

1 preliminarily enjoined from commencing or prosecuting against the Released Parties any action
2 or proceeding in any court or tribunal asserting any of the Released Claims, provided, however,
3 that this injunction shall not apply to individual claims of any Settlement Class Members who
4 timely exclude themselves in a manner that complies with this Order. This injunction is
5 necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and
6 authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in
7 aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

19. If Final Approval does not occur, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into; thus, this Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

20. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

21. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve or modify the Settlement without further notice to Settlement Class Members.

//
//
//
//
//
//

22. The following timeline will govern proceedings through the Final Approval Hearing:

| EVENT | DEADLINE |
|---|---|
| Deadline to mail notice to Class Members | 59 days after entry of this Order |
| Deadline for Settlement Class Members to submit exclusion requests or objections | Within 30 days of the date that Settlement Notices are sent, pursuant to the Notice Plan |
| Deadline for the Parties to submit any responses to objections | Within 35 days of the date that Settlement Notices are sent, pursuant to the Notice Plan |
| Deadline for Class Counsel to file motion requesting final approval and award of attorneys' fees and costs | Within 14 days of the date that Settlement Notices are sent, pursuant to the Notice Plan |
| Final Approval Hearing | November 13, 2018 at 9:00 a.m. |

It is hereby ORDERED.

DATED this 30th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE